**LEONARD v LOPEZ, et al.**

No. 76 2832 CA (L) 01 1.

Circuit Court, Palm Beach County.

August 30, 1976.

Robert W. Beaver, Boca Raton, for the plaintiff.

Mark Bradfield, West Palm Beach, for the defendant Lopez.

Richard Ellington, County Attorney's Office, for the defendant Board of County Commissioners.

Anthony Golden, Attorney General's Office, for the defendant State of Florida.

JAMES R. KNOTT, Circuit Judge.

Plaintiff challenges the qualifications of defendant Richard Lopez as a candidate for sheriff of Palm Beach County, contending that he is an appointive public officer within the meaning of §§99.012(2) and (3), Florida Statutes, requiring an incumbent public officer, elected or appointive, "whose term of office or any part thereof runs concurrently to the term of office for which he seeks to qualify" to resign prior to qualifying for the office he intends to seek.

Mr. Lopez, who purportedly qualified as a candidate for sheriff without resigning his position as county director of public safety, contends that he is not a public officer as contemplated by the "resign-to-run" law, and that its provisions therefore do not apply in his case.

The Palm Beach County Administration Ordinance, Section VI, effective September 20, 1974, provides —

> The county administrator shall be the chief administrative officer of the county and shall be responsible to the board of county commissioners for the proper administration of all county affairs and departments under the control, jurisdiction and supervision of the board of county commissioners. The county administrator shall:
>
> > A. Except as otherwise provided by the constitution of the state of Florida, general law or special law of the state of Florida or by contract, select, employ, appoint and supervise all personnel and fill all vacancies, positions or employment under the jurisdiction of the board of county commissioners . . ."

Section VII of the same ordinance provides —

> "The county administrator shall direct and supervise, but not necessarily be restricted to, the administration of the following functions:
>
> > \* \* \*
> >
> > "F.   The public safety programs of the county including animal regulation, highway safety, civil defense."

The record shows that Lopez, as director of public safety, has no tenure or "term of office," and is subject to being hired and fired for cause by the county administrator, as in the case of any ordinary employee such as a secretary or file clerk; that as a department head his job description refers to his position as that of an "employee;" that the hiring and firing of employees serving under him must be approved by the county administrator, following his recommendation; that his salary is set by the county administrator, rather than by statute or ordinance. The county administrator prescribes his duties, and may change them. He takes no specially designated oath of office. He has no powers of arrest for law violators. He furnishes no bond for faithful performance of his duties. He is not even empowered to issue gun permits — this is done by the county commission on his recommendation and that of the county administrator. This combination of factors renders him an employee, rather than a public officer within the meaning of the "resign-to-run" law, in the judgment of the court.

It is therefore adjudged that the declaratory and injunctive relief sought by the plaintiff be, and the same is hereby denied.